IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDMOND STEVEN LOWE,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | § | No. 3:18-cv-509-N (BT) |
| | § | |
| LORIE DAVIS, *Director,* TDCJ-CID<br>　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Edmond Lowe, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be transferred to the Fifth Circuit Court of Appeals as successive.

I.

On December 19, 1990, Petitioner was convicted of murder and was sentenced to sixty-five years in prison. *The State of Texas v. Edmond Steven Lowe*, No. F90-34490-P (203rd Jud. Dist. Ct., Dallas, Tex. Dec. 19,

1990). Petitioner does not challenge his conviction. Instead, he claims Respondent has unconstitutionally denied him release to parole.

Petitioner previously filed a § 2254 challenging Respondent's decision to deny him release on parole. *See Lowe v. Stephens*, No. 3:13-cv-394-P (N.D. Tex.) On January 15, 2014, the District Court dismissed the petition as barred by the statute of limitations. On June 27, 2014, the Fifth Circuit denied a certificate of appealability. *Lowe v. Stephens*, No. 14-10090 (5th Cir. June 27, 2014).

On February 26, 2018, Petitioner filed this § 2254 petition, and on July 9, 2018, he filed an amended petition. He argues:

1. Respondent has failed to credit his work and good time credits towards his sentence;

2. Respondent breached a contract with Petitioner to apply his work and good time credits towards his sentence;

3. Respondent's decision not to apply his work and good time credits towards his sentence denied him his property rights in these time credits;

4. Respondent's reasons for denying him parole are vague; and

5. Respondent has failed to apply the parole laws of the 70th Texas Legislature that were in effect at the time of Petitioner's conviction and therefore violated the Ex Post Facto Clause.

2

On September 21, 2018, Respondent filed her answer arguing, among other things, that this petition is successive. On November 17, 2018, Petitioner filed a reply. The issue has thus been fully briefed.

## II.

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id.* at 836-38. To determine whether a petition is second or successive, the court must analyze whether the challenge presented in a second habeas petition occurred before the petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

Here, Petitioner's claims occurred before his filed his first § 2254 petition. In his first petition, he argued Respondent unlawfully applied parole laws that were enacted after the 70th Legislature. (*See* No. 3:13-cv-394-P, ECF No. 11 at 7). He raises the same claim in his current petition.

3

In his first petition, he also argued that his good time credits plus his flat time entitled him to release, (*id.* ECF No. 11 at 6; ECF No. 30 at 11), which he also argues in this petition. In his previous petition, he argued the Respondent's reasons for denying him release to parole were arbitrary and ambiguous. (*Id.* at ECF No. 11 at 6-7; ECF No. 30 at 9). Here, he argues the reasons are vague and notes the Respondent has used the same reasons to deny his release for the past twelve parole reviews. (ECF No. 1 at 7.) Although Petitioner raises new theories of relief in this petition, such as breach of contract and denial of property rights, he could have raised those claims in his first § 2254 petition. Further, although Petitioner states his claims could not have been raised in his earlier petition because he had not fully served his sentence under the 70th Legislature parole law, (ECF No. 1 at 6), he argued in his first petition that the 70th Legislature parole law applied to him, and he was eligible for parole under that law. (*See*, No. 3:13-cv-394-P, ECF No. 11 at 6, 9). At the time he filed his first petition, he also knew that Respondent was applying the new parole laws to him, and that his good time and work time credits were not being applied towards his sentence. The Court therefore finds this petition is successive.

4

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

For the foregoing reasons, the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be TRANSFERRED to the United States

5

Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed March 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).